UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESIGN BASICS LLC,

    Plaintiff,

v.

BRUURSEMA BUILDERS, INC., et al.,

    Defendants/Third-Party
    Plaintiffs,

v.

STEVE NYHOF ENTERPRISES, INC.,
STEVE NYHOF d/b/a STEVE NYHOF
ARCHITECTURAL DESIGN, and STEVE
NYHOF

    Third-Party Defendants
_____/

Hon. Janet T. Neff

Case No. 1:11-cv-00707

## REPORT AND RECOMMENDATION

Plaintiff, Design Basics LLC, initiated its cause of action for copyright infringement against defendants and third-party plaintiffs Bruursema Builders, Inc., James Bruursema, and Paul Bruursema (hereinafter "the Bruursema parties") on July 12, 2011 (Dkt. 1). The Bruursema parties, as third-party plaintiffs, subsequently filed a third-party complaint against third-party defendants Steve Nyhof Enterprises Inc., Steve Nyhof d/b/a Steve Nyhof Architectural Design, and Steve Nyhof (hereinafter "the Nyhof defendants") on August 10, 2011 (Dkt. 11). The Nyhof defendants never effectively answered the third-party complaint and a default was entered on March 28, 2012 (Dkt.

44).[1] The matter is now before the court on the Bruursema parties' motion for default judgment (Dkt. 50) pursuant to Fed. R. Civ. P. 55. A copy of the notice for the June 25, 2012 hearing on that motion was sent to the Nyhof defendants by first class mail.

Counsel for plaintiff and defendants/third-party plaintiffs both appeared at the hearing. No one appeared on behalf of the Nyhof defendants. Third-party plaintiffs the Bruursema parties allege in their third-party complaint that the Nyhof defendants were independently contracted to perform architectural or drawing services for third-party plaintiffs' customers without compensation, direction, or contribution or influence from third-party plaintiffs (Dkt. 11). Further, the Bruursema parties allege that every residential building plan from which they constructed residential homes was prepared by the Nyhof defendants. Id. The third-party complaint also alleges that the Nyhof defendants provided architectural plans to individuals who then contracted with the Bruursema parties for the construction of their homes with plans purchased from the Nyhof defendants. Id. at ¶ 7. It is the Bruursema plaintiffs' theory that because third-party defendants have already been found responsible for violating plaintiff's copyright,[2] any damages the Bruursemas sustain are a direct and proximate result of the Nyhof defendants' direct or indirect failure to comply with federal statutes which the plaintiff Design Basics, LLC has alleged that the Bruursema parties

---

[1] Steve Nyhof did attempt to file an answer to the complaint, which was unsigned and stricken (Dkt. 17). He then attempted to answer the complaint on behalf of of Steve Nyhof Enterprises, Inc. (Dkt. 18) which was stricken (Dkt. 25) because he is not a licensed attorney. The Nyhof defendants did not appear at the scheduling conference (Dkt. 31), nor did Steve Nyhof appear to have participated in the preparation of the joint status report (Dkt. 30). Steve Nyhof individually was ordered to show cause why default should not be entered against him, no later than March 23, 2012 (Dkt. 32). Steve Nyhof did file a response, indicating a lack of funds to hire an attorney or to defend himself (Dkt. 43). He did not move to set aside the default, nor did he appear at the hearing on the motion for default judgment.

[2] An earlier filed case, Design Basics, LLC v. Steve Nyhof et al., Case No. 1:09-cv-566, was dismissed pursuant to a stipulated order of dismissal (Dkt. 168). The undersigned is not aware that there was any finding of liability of the Nyhof defendants in the case.

violated by constructing homes in accordance with residential plans for which the plaintiff had obtained copyright protection. Id. at ¶¶ 6 and 8. Federal Rule of Civil Procedure 55(b)(2) sets forth the circumstances under which the court may enter a default judgment.

In reviewing third-party plaintiffs' motion for default judgment, the court accepts as true the well pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780-81 (4th Cir. 2001). The court must still determine whether the unchallenged factual allegations constitute a legitimate cause of action. *Id.* The Bruursema parties assert that their complaint establishes a legitimate cause of action against the Nyhof defendants for either contributory infringement or vicarious liability for that infringement. The court agrees. Specifically, the Nyhof defendants are alleged to have known or have reason to have known of their infringing activities, and provided the allegedly infringing plans to either the Bruursema parties, or their customers. The complaint alleges that the Bruursema parties then constructed homes based on the alleged infringing plans provided by the Nyhof defendants.

The Nyhof defendants will only be liable to the Bruursema plaintiffs if the Bruursema parties are found to be liable to Design Basics, LLC in its case against the Bruursema defendants. There is no determination or method of determination as to the amount of damages on the present record. Thus, the undersigned recommends that the Bruursema parties' motion for default judgment (Dkt. 50) be granted and that default judgment be entered on behalf of the Bruursema plaintiffs against the Nyhof defendants as to liability only at this time, pending disposition of plaintiff Design Basics, LLC's case. The undersigned further recommends that the matter be referred to her for hearing to establish any damages pursuant to Fed. R. Civ. P. 55(b)(2) at a future date. The

undersigned recommends that the proposed default judgment attached to this Report and

Recommendation as Exhibit A be entered.

                                                 Respectfully submitted,

Date:  July 17, 2012                               /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge


      OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).